UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:21-cv-62077-GAYLES

**EMMANUEL OKWOR**,

    Petitioner,

v.

**SHERIFF GREGORY TONY**,
**Broward Sheriff's Office**,

    Respondent.
_____/

## ORDER DISMISSING HABEAS PETITION

**THIS CAUSE** comes before the Court on Petitioner Emmanuel Okwor's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1]. Petitioner, a pretrial detainee at the North Broward County Jail, raises several constitutional challenges to his pending state criminal proceedings. The Court has screened the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Proceedings and finds that it must be summarily dismissed.

    **I.**    **BACKGROUND**

Petitioner was first arrested on May 17, 2018 by the Broward Sheriff's Office and charged with writing and sending threats to kill or injure. *See State of Florida v. Okwor*, No. 18-5865-CF-10A (Fla. 17th Cir. Ct. 2018).[1] According to the Probable Cause Affidavit, on May 14, 2018, Petitioner sent two threatening emails to employees of a company that had worked with Petitioner

---

[1] Pursuant to Fed. R. Evid. 201, the Court may take judicial notice of the online docket in Petitioner's state court criminal case, which is available at https://www.browardclerk.org/Web2/CaseSearch/. *See Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014).

on a construction project. *Id*. (entered May 18, 2018).[2] Petitioner claimed that he was still owed money on the construction project. *Id*. Petitioner allegedly wrote in one email, "in my country, Nigeria, how we do business is if someone steals from you, you put a bullet in his head. I'm ready to carry out my tradition here in America to his attorney and reps now that I know where they live." *Id*. at 3. An officer with the Broward Sheriff's Office contacted Petitioner, who confirmed that he had written the emails. *Id*. Petitioner told the officer that he was being treated for bi-polar disorder and had been Baker Acted three times. *Id*. Petitioner was released on bond on July 24, 2018. *See id*. (entered July 24, 2018).

Petitioner was again arrested on December 12, 2019 by the City of Plantation Police Department and charged with violating a restraining order. *See State of Florida v. Okwor*, No. 19-14651-CF-10A (Fla. 17th Cir. Ct. 2019). Following that arrest, the Broward Sheriff's Office submitted an Affidavit to Arrest alleging that on November 30, 2019, Petitioner sent emails to his criminal defense attorney in which he threatened to shoot and kill Judge Edward H. Merrigan, who was presiding over Petitioner's first criminal case, and Assistant State Attorney Gabriela Jadan, the prosecutor in that case. *See id*. at 1–2 (entered Jan. 6, 2020). The Affidavit also alleged that while out on bond, Petitioner had attempted to purchase a firearm. *Id*. at 2.

Judge Merrigan recused himself from Petitioner's criminal case and a Miami-Dade County Circuit Judge was specially appointed to preside over the case. *See* No. 18-5865-CF-10A (entered Aug. 23, 2021). The Broward County State Attorney's Office also recused itself from both of Petitioner's pending criminal cases and the Palm Beach County State Attorney's Office stepped in to prosecute. *See id*. at 2 (entered Sept. 16, 2020).

---

[2] The state court online docket does not contain docket numbers, so the Court instead refers to the date the docket entry was made.

On August 26, 2021, Petitioner was adjudicated incompetent to stand trial by the Miami-Dade County judge who was specially appointed to serve on Petitioner's case. *See* No. 18-5865-CF-10A (entered Aug. 26, 2021). Petitioner was civilly committed to a state facility run by the Florida Department of Children and Families, although online records indicate that he is still detained at the Broward North Jail. *Id.*; *see* https://apps.sheriff.org/ArrestSearch/InmateDetail/501904630.

## II.    LEGAL STANDARD

District courts have the authority to summarily dismiss a § 2241 petition if "[i]t plainly appears from [the] petition that [petitioner] is not entitled to § 2241 relief." *Morgan v. Warden*, 589 F. App'x 530, 531 (11th Cir. 2015) (citing *Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014)); *see also* 28 U.S.C. § 2243 (providing that a § 2241 petition can be dismissed if "[i]t appears from the application that the applicant or person detained is not entitled [to the relief requested.]"). Likewise, the Supreme Court has held that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rule 4, Rules Governing § 2254 Cases).

The Court must dismiss a § 2241 petition challenging a state court pretrial detainee's criminal charges because principles of equity, comity, and federalism counsel abstention in deference to ongoing state court proceedings. *See Younger v. Harris,* 401 U.S. 37 (1971); *Smith v. Mercer,* 266 F. App'x 906, 908 (11th Cir. 2008) (per curiam) (concluding that *Younger* abstention requires a dismissal without prejudice). Pursuant to *Younger*, federal courts must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger*, 401 U.S. at 43–44; *see also, Christman v. Crist,* 315 F. App'x 231, 232 (11th Cir. 2009) (per curiam) (citing *31 Foster Children v. Bush,* 329 F.3d 1255, 1274 (11th Cir. 2003)). The *Younger* abstention

doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Younger,* 401 U.S. at 43.

Accordingly, "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman*, 315 F. App'x at 232 (internal citations omitted). "Federal courts have consistently recognized this limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004). The exceptions to the *Younger* abstention doctrine are: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* at 1263 n.6 (citing *Younger*, 401 U.S. at 45, 53–54).

### III.   DISCUSSION

Petitioner raises four grounds in his Habeas Petition. He claims that (1) the state court is violating his speedy trial rights; (2) the state prosecutor has a conflict of interest because he is the son of one of the alleged victims; (3) the trial court has refused to hold hearings on Petitioner's multiple pretrial motions; and (4) the evidence in his case is insufficient. As explained below, the Petition must be summarily dismissed pursuant to the *Younger* abstention doctrine and for failure to state a claim.

First, Petitioner contends that his speedy trial rights have been violated because he is detained pending trial, and he has filed speedy trial demands which the trial judge has ignored. [ECF No. 1 at 6]. The record in Petitioner's state criminal case shows, however, that on August 26, 2021, Petitioner was adjudicated incompetent to stand trial and civilly committed to the custody of the Florida Department of Children and Families. *See Okwor*, No. 18-5865-CF-10A

(entered Aug. 26, 2021). The civil commitment order (which Petitioner does not address) mooted Petitioner's speedy trial demands. Therefore, Petitioner's first ground is refuted by the record.

Second, Petitioner claims that "the state prosecutor [who] brought charges against me" has a "conflict of interest" because he "was the son of the victim." [ECF No. 1 at 6]. Although Petitioner does not expressly state that his prosecution is motivated by bad faith, the Court liberally construes this claim as seeking to assert the "bad faith" exception to *Younger*. To satisfy *Younger*'s "bad faith" exception, however, Petitioner must make a "substantial allegation" showing actual bad faith. *See Younger,* 401 U.S. at 48 (holding that bad faith prosecutions are brought with no intention of securing a conviction or with the intention to harass). Here, Petitioner provides no details beyond his allegation that the prosecutor is "the son of the victim." Petitioner's criminal charges include multiple victims, and he does not indicate which of his alleged victims is the parent of the prosecutor. Moreover, the record refutes any notion that his prosecution is motivated by bad faith. Petitioner was initially charged with sending threatening emails to former business associates, and the probable cause affidavit stated that Petitioner admitted to sending those emails. He was later accused of threatening the state attorney prosecuting that case, as well as the judge presiding over the case. Once those threats were revealed, the Broward County State Attorney's Office recused itself and was replaced by the Palm Beach County State Attorney's Office. Thus, not only has Petitioner failed to allege bad faith, but the record rebuts any such claim.

Third, Petitioner alleges that he has "filed pretrial motions in accordance [with] Fla. R. Crim. P. 3.190 which [sic] the court has had multiple status hearing[s] (calendar call) but no hearing for the motions." [ECF No. 1 at 6]. He states that "the court ordered me to be *pro se*

5

through a *Faretta*[3] hearing that was supposed to be a *Nelson*[4] hearing." [*Id*.]. Petitioner's vague and conclusory allegations do not state a constitutional violation. He does not provide the grounds for any of the motions on which the trial court purportedly refused to hold a hearing. Thus, Petitioner's third ground fails to state a claim.

Lastly, Petitioner contends that there is insufficient evidence against him. The Court need not address the specifics of this claim because it falls squarely within the *Younger* abstention doctrine, which was designed "to permit state courts to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43. *Younger* requires federal courts to refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id*. "Irreparable injury" is not merely "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution." *Id*. at 46. Rather, "the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." Here, Petitioner's challenge to the sufficiency of the state's evidence is, of course, a defense that he can raise in his pending criminal prosecution. *See Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."). Petitioner has not alleged any "special circumstances" warranting this Court's intervention into his state criminal proceedings. He therefore may not use a federal habeas petition merely to challenge the sufficiency of the evidence against him in state court.

---

[3] Referring to *Faretta v. California*, 422 U.S. 806 (1975). A *Faretta* hearing is one in which a judge determines whether a criminal defendant can represent themselves at trial.
[4] Referring to *Nelson v. State*, 274 So.2d 256 (Fla. 4th DCA 1973). A *Nelson* hearing is one in which a judge determines whether to discharge the defendant's counsel.

Accordingly, it is **ORDERED AND ADJUDGED** that the Petition [ECF No. 1] is **DISMISSED** without prejudice, a certificate of appealability is **DENIED**, and the case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of October, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Emmanuel Okwor, *pro se*
       501904630
       Broward County Jail-NBB
       North Broward Bureau
       Inmate Mail/Parcels
       Post Office Box 407037
       Ft. Lauderdale, FL 33340